CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**,<br><br>        Plaintiff,<br><br>    v.<br><br>**Centinglewood, LLC,** a California Limited Liability Company;<br>**PRM Investments, LLC,** a Georgia Limited Liability Company; and Does 1-10,<br><br>        Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Shirley Lindsay complains of Centinglewood, LLC, a California Limited Liability Company; PRM Investments, LLC, a Georgia Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both

Complaint

1  a cane and wheelchair for mobility.

2      2.  Defendant Centinglewood, LLC owned the real property located at or

3  about 4801 W. Century Blvd., Inglewood, California, in February 2019.

4      3.  Defendant Centinglewood, LLC owned the real property located at or

5  about 4801 W. Century Blvd., Inglewood, California, in February 2020.

6      4.  Defendant Centinglewood, LLC owns the real property located at or

7  about 4801 W. Century Blvd., Inglewood, California, currently.

8      5.  Defendant PRM Investments, LLC owned Rally's located at or about

9  4801 W. Century Blvd., Inglewood, California, in February 2019.

10      6.  Defendant PRM Investments, LLC owned Rally's located at or about

11  4801 W. Century Blvd., Inglewood, California, in February 2020.

12      7.  Defendant PRM Investments, LLC owns Rally's ("Restaurant") located

13  at or about 4801 W. Century Blvd., Inglewood, California, currently.

14      8.  Plaintiff does not know the true names of Defendants, their business

15  capacities, their ownership connection to the property and business, or their

16  relative responsibilities in causing the access violations herein complained of,

17  and alleges a joint venture and common enterprise by all such Defendants.

18  Plaintiff is informed and believes that each of the Defendants herein,

19  including Does 1 through 10, inclusive, is responsible in some capacity for the

20  events herein alleged, or is a necessary party for obtaining appropriate relief.

21  Plaintiff will seek leave to amend when the true names, capacities,

22  connections, and responsibilities of the Defendants and Does 1 through 10,

23  inclusive, are ascertained.

24

25  **JURISDICTION & VENUE:**

26      9.  The Court has subject matter jurisdiction over the action pursuant to 28

27  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

28  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

Complaint

1    10. Pursuant to supplemental jurisdiction, an attendant and related cause
2  of action, arising from the same nucleus of operative facts and arising out of
3  the same transactions, is also brought under California's Unruh Civil Rights
4  Act, which act expressly incorporates the Americans with Disabilities Act.
5    11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
6  founded on the fact that the real property which is the subject of this action is
7  located in this district and that Plaintiff's cause of action arose in this district.
8
9    **FACTUAL ALLEGATIONS:**
10    12. Plaintiff went to the Restaurant in February 2019 and February 2020
11  with the intention to avail herself of its goods and to assess the business for
12  compliance with the disability access laws.
13    13. The Restaurant is a facility open to the public, a place of public
14  accommodation, and a business establishment.
15    14. Unfortunately, on the dates of the plaintiff's visits, the defendants failed
16  to provide wheelchair accessible parking in conformance with the ADA
17  Standards as it relates to wheelchair users like the plaintiff.
18    15. On information and belief, the defendants currently fail to provide
19  wheelchair accessible parking.
20    16. Additionally, on the dates of the plaintiff's visits, the defendants failed
21  to provide wheelchair accessible dining surfaces in conformance with the ADA
22  Standards as it relates to wheelchair users like the plaintiff.
23    17. On information and belief, the defendants currently fail to provide
24  wheelchair accessible dining surfaces.
25    18. These barriers relate to and impact the plaintiff's disability. Plaintiff
26  personally encountered these barriers.
27    19. As a wheelchair user, the plaintiff benefits from and is entitled to use
28  wheelchair accessible facilities. By failing to provide accessible facilities, the

Complaint

1   defendants denied the plaintiff full and equal access.

2      20. The failure to provide accessible facilities created difficulty and
3   discomfort for the Plaintiff.

4      21. The defendants have failed to maintain in working and useable
5   conditions those features required to provide ready access to persons with
6   disabilities.

7      22. The barriers identified above are easily removed without much
8   difficulty or expense. They are the types of barriers identified by the
9   Department of Justice as presumably readily achievable to remove and, in fact,
10  these barriers are readily achievable to remove. Moreover, there are numerous
11  alternative accommodations that could be made to provide a greater level of
12  access if complete removal were not achievable.

13     23. Plaintiff will return to the Restaurant to avail herself of its goods and to
14  determine compliance with the disability access laws once it is represented to
15  him that the Restaurant and its facilities are accessible. Plaintiff is currently
16  deterred from doing so because of her knowledge of the existing barriers and
17  her uncertainty about the existence of yet other barriers on the site. If the
18  barriers are not removed, the plaintiff will face unlawful and discriminatory
19  barriers again.

20     24. Given the obvious and blatant nature of the barriers and violations
21  alleged herein, the plaintiff alleges, on information and belief, that there are
22  other violations and barriers on the site that relate to her disability. Plaintiff
23  will amend the complaint, to provide proper notice regarding the scope of this
24  lawsuit, once she conducts a site inspection. However, please be on notice that
25  the plaintiff seeks to have all barriers related to her disability remedied. See
26  *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
27  encounters one barrier at a site, she can sue to have all barriers that relate to
28  her disability removed regardless of whether she personally encountered

Complaint

1   them).

2

3

4

5

6   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

7   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

8   Defendants.) (42 U.S.C. section 12101, et seq.)

9       25. Plaintiff re-pleads and incorporates by reference, as if fully set forth

10  again herein, the allegations contained in all prior paragraphs of this

11  complaint.

12      26. Under the ADA, it is an act of discrimination to fail to ensure that the

13  privileges, advantages, accommodations, facilities, goods and services of any

14  place of public accommodation is offered on a full and equal basis by anyone

15  who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

16  § 12182(a). Discrimination is defined, inter alia, as follows:

17              a.  A failure to make reasonable modifications in policies, practices,

18                  or procedures, when such modifications are necessary to afford

19                  goods,   services,   facilities,   privileges,   advantages,   or

20                  accommodations to individuals with disabilities, unless the

21                  accommodation would work a fundamental alteration of those

22                  services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

23              b.  A failure to remove architectural barriers where such removal is

24                  readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

25                  defined by reference to the ADA Standards.

26              c.  A failure to make alterations in such a manner that, to the

27                  maximum extent feasible, the altered portions of the facility are

28                  readily accessible to and usable by individuals with disabilities,

5

Complaint

including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. When a business provides parking for its customers, it must provide accessible parking.

28. Here, accessible parking has not been provided in conformance with the ADA Standards.

29. When a business provides dining surfaces for its customers, it must provide accessible dining surfaces.

30. Here, accessible dining surfaces have not been provided in conformance with the ADA Standards.

31. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

32. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

33. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.


**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

Complaint

that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

35. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

36. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

37. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Complaint

1   Dated: June 4, 2020          CENTER FOR DISABILITY ACCESS

2

3                               By:

4                               _____

5                                    Russell Handy, Esq.
                                     Attorney for plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Complaint